IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LAURA BYRNE-EGAN,
Plaintiff,                                          *
                                                    *
            v.                                      *
                                                    *
EMPIRE EXPRESS, INC., et al.,                       *
Defendants.                                         *
                                                    *
                                                    *
                                              ******       Civil No. JFM-11-CV-02857
EMPIRE EXPRESS, INC., et al.,
Third-Party Plaintiff/Counter-Defendant,            *
                                                    *
            v.                                      *
                                                    *
EMILY SEAY,                                         *
Third-Party Defendant/Counter-Plaintiff.            *
                                                    *
                                                    *
                                              ******

MEMORANDUM

        Emily Seay ("Seay"), Third-Party Defendant and Counterclaimant, moves to remand this

case to the Circuit Court for Prince George's County ("PG County").  The issues have been fully

briefed and no oral argument is necessary.  *See* Local Rule 105.6.   For the reasons stated below,

Seay's motion is granted and pursuant to 28 U.S.C. § 1447(c) this case shall be remanded to PG

County Circuit Court.

I.

        On December 1, 2010, Plaintiff Laura Byrne-Egan ("Byrne-Egan") filed a complaint in

PG County Circuit Court alleging $75,000 in damages from injuries sustained from an

automobile accident.  (Seay's Mot. Remand 1, ECF No. 32-2).  Byrne-Egan, a Maryland

resident, was the passenger in a car driven by Seay, also a Maryland resident, when the car was

1

struck by a vehicle owned by Defendant Empire Express, Inc. ("Empire"), a Tennessee

company.  (Empire Resp. 2, ECF No. 37).  On January 10, 2011, Empire removed the case to

federal court.  (Seay's Mot. Remand 2).  Byrne-Egan subsequently filed a motion to remand.  *Id*.

This court granted Byrne-Egan's motion on April 28, 2011, holding Byrne-Egan's alleged

damages did not meet the amount in controversy requirement for diversity jurisdiction.  *Id.*  The

PG County Circuit Court then reopened the case.  *Id.*  The circuit court has since heard pretrial

motions, handled discovery issues, and scheduled a pretrial conference.  (Ex. 2 to Seay's Mot.

Remand, ECF No. 32-2).

On August 12, 2011, Empire filed a third-party complaint against Seay for

indemnification and/or contribution, alleging that any injury to Byrne-Egan resulted from Seay's

negligence.  (Seay's Mot. Remand 2).  Seay filed a counterclaim against Empire on October 3,

2011, alleging $300,000 in damages.  *Id.*  After Empire filed a third-party complaint and Seay

filed a counterclaim, on October 6, 2011, Empire again removed the case to federal court.  *Id.*

Empire avers that this court has jurisdiction on the basis of Seay's third-party counterclaim for

damages exceeding the federal jurisdictional amount.  (Empire Resp. 2).  Byrne-Egan and Seay

argue conversely that this court lacks jurisdiction and therefore the case must be remanded to PG

County Circuit Court.  (Seay's Mot. Remand 2–3; Byrne-Egan's Answer 1–2, ECF No. 38).

## II.

Under 28 U.S.C. §1441(a), a defendant may remove a civil action pending in a state court

to a federal court if the federal court would have had original jurisdiction.  Federal district courts

have original jurisdiction, under 28 U.S.C. § 1332, in all civil actions where the matter in

controversy exceeds the sum or value of $75,000 and is between citizens of different states.  The

extent to which courts may look beyond a plaintiff's complaint to satisfy the $75,000 amount in controversy requirement has never been resolved definitively.  *See* 14B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §§ 3706 and 3725 (4th ed. 2009).  The majority of courts, including the Fourth Circuit, have held that courts should look solely at the plaintiff's complaint and not consider the value of counterclaims, cross-claims, or third-party claims.  *See, e.g., R.L. Jordan Oil Co. of North Carolina, Inc. v. Boardman Petroleum, Inc.*, 23 F. App'x 141, 144–145 (4th Cir. 2001) (acknowledging that the traditional rule has been that no part of the required jurisdictional amount can be met by considering a defendant's counterclaim); *Firestone Financial Corp. v. Syal*, 327 F. Supp. 2d 809, 810–811 (N.D. Ohio 2004) **(**"[T]he amount in controversy for purposes of diversity jurisdiction, at least in the context of removal, should be determined solely by considering the plaintiff's complaint."**)**; 14B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §§ 3706 and 3725 (4th ed. 2009).

Although the Fourth Circuit has not directly addressed whether a court can look to a third-party counterclaim to satisfy the amount in controversy requirement for diversity jurisdiction, following the majority rule of looking solely at the plaintiff's complaint, this case must be remanded; this court does not have original jurisdiction based on Byrne-Egan's complaint, which asserts a state-law tort action that does not exceed $75,000.  Empire argues, however, for a different characterization of the parties' roles which would make it inappropriate to apply the rule in this context.   Empire emphasizes that it "is, indeed, a third-party plaintiff . . . [but] for diversity purposes, it is Ms. Seay's filing of a counter-claim as a plaintiff—and Empire Express' status as a defendant (i.e. a counter-defendant)—that creates diversity." (Mem. Supp. Empire's Resp. 8).

Empire is correct that in assessing diversity jurisdiction, the formal designation of parties as plaintiffs or defendants in the original pleading is not controlling. *See City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941). The Supreme Court has held that courts must "look beyond the pleadings and arrange the parties according to their sides in the dispute." *Id.* (internal citations omitted). Here, defendant Empire filed a third-party claim for indemnity and/or contribution against third-party defendant Seay, and Seay subsequently filed a counterclaim against Empire. Looking at the parties' interests, even though Seay came into the litigation as a third-party defendant, her interests align with plaintiff Byrne-Egan. Seay's counterclaim for $300,000 is for injuries sustained from the automobile collision with Empire's vehicle in which Seay was the driver and Byrne-Egan was the passenger. (Third-Party Countercl. 2–3, ECF No. 4).

According to Empire, in this case it is inappropriate to extend the rule that courts should not consider the value of counterclaims, cross-claims, or third-party claims in determining the amount in controversy to third-party counterclaims because Empire's posture as a counter-defendant to Seay's third-party counterclaim is materially different than the usual situation when a defendant is more like a plaintiff in regard to any counterclaims, cross-claims or third-party claims. Even if the argument is correct, viewing Seay as a party plaintiff and focusing on the adverse relationship of Empire to Seay and Byrne-Egan, diversity jurisdiction removal would not be appropriate.

Essentially, Empire contends that a third-party counterclaim exceeding $75,000, re-characterized as a claim from a co-plaintiff against a common defendant, can form the basis for diversity jurisdiction. If this were permissible, the court would be exercising supplemental jurisdiction over the claim asserted by the original plaintiff against the defendant. *See* 28 U.S.C.

§ 1367.  Of course, it is common in a diversity action for supplemental jurisdiction to be exercised over compulsory counterclaims for less than the jurisdictional amount or impleader of a non-diverse party.  Allowing a third-party counterclaim to serve as the *basis* for diversity jurisdiction, however, and then rely on supplemental jurisdiction to exercise jurisdiction over the original claim that is jurisdictionally insufficient would be an improper extension of removal under § 1441 and supplemental jurisdiction under § 1367.

In resolving jurisdictional questions federal courts should be "mindful that 'federal courts, unlike most state courts, are courts of limited jurisdiction, created by Congress with specified jurisdictional requirements and limitations.'"  *Palisades Collections LLC v. Shorts*, 552 F.3d 327, 330 (4th Cir. 2008) (quoting *Strawn v. AT & T Mobility LLC,* 530 F.3d 293, 296 (4th Cir. 2008)).  A federal court should therefore construe jurisdictional statutes carefully.  *Id.* (citing *Exxon Mobil Corp. v. Allapattah Servs.,* 545 U.S. 546, 558 (2005) ("We must not give jurisdictional statutes a more expansive interpretation than their text warrants . . ."); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941) ("Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined.") (internal quotation marks omitted).

With respect to removal specifically, the Fourth Circuit has articulated that courts are "obliged to construe removal jurisdiction strictly because of the significant federalism concerns implicated" and that "if federal jurisdiction is doubtful, a remand to state court is necessary."  *Palisades*, 552 F.3d at 333–34 (quoting *Md. Stadium Auth. v. Ellerbe Becket Inc.,* 407 F.3d 255, 260 (4th Cir. 2005)).  Mindful of this, I find that Seay's third-party counterclaim does not vest this court with jurisdiction.  Moreover, I also note that it is in the interest of judicial economy to

remand this case to the Prince George's County Circuit Court in which this case has been pending for a substantial period of time.

For the reasons stated above, Seay's motion is granted and the case shall be remanded, pursuant to 28 U.S.C. § 1447(c), to the Circuit Court for Prince George's County.  A separate order to that effect is being entered herewith.


     December 22, 2011                          /s/                        
Date                                                       J. Frederick Motz
                                                         United States District Judge